**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-4721-16T3

DENNIS M. BALENT and
PATTI LYNN ROBINSON,

      Plaintiffs-Respondents,

v.

ANDREW GONZALEZ and
RAUL I. GONZALEZ,

      Defendants-Appellants.

_____

Argued October 3, 2018 – Decided July 26, 2019

Before Judges Fuentes, Vernoia and Moynihan.

On appeal from the Superior Court of New Jersey, Law Division, Middlesex County, Docket No. L-0004-15.

Nicole Lynn Hollingsworth argued the cause for appellants (Law Offices of Viscomi & Lyons, attorneys; Nicole Lynn Hollingsworth, on the brief).

Jeffrey S. Mandel argued the cause for respondents.

PER CURIAM

In this automobile accident case, defendant Andrew Gonzalez appeals from a jury verdict that found him civilly liable for the injuries sustained by plaintiff Patti Lynn Robinson and awarded her $225,000 in compensatory damages.  Defendant argues the court committed reversible error when it granted plaintiffs' motion to reopen discovery and extend the discovery end date thereby allowing plaintiffs' submission of an expert's report the court had previously barred, as well as the court's order denying defendant's motion for reconsideration.  We reject defendant's arguments and affirm.

The automobile accident occurred on January 10, 2013, when the car driven by Gonzalez collided head-on with the car driven by Dennis Balent; Robinson is Balent's wife and was a passenger in his car at the time of the accident.  Plaintiffs filed their complaint on December 29, 2014, seeking compensatory damages.[1]  The original discovery end date (DED) was May 2, 2016.  The record shows three separate judges were involved in the management of this case.  In the interest of clarity, we will refer to them as the "first Judge," the "second Judge," and the "trial Judge."

---

[1]  Plaintiffs' automobile insurance policy contained the limitation on lawsuits option available under N.J.S.A. 39:6A-8, which is commonly referred to as a verbal threshold clause.

A-4721-16T3

On February 10, 2016, the first Judge entered a case management order (CMO): (1) requiring plaintiffs to serve their medical expert reports by April 10, 2016; (2) directing defendants to serve their medical expert reports by May 10, 2016; (3) establishing a DED of May 15, 2016; (4) scheduling non-binding arbitration on May 24, 2016; and (5) setting a trial date of July 11, 2016, in the event a party seeks a trial de novo pursuant to Rule 4:21A-6(b)(1).

On the day plaintiffs' medical expert reports were due, plaintiffs amended their answers to interrogatories to designate Dr. Arthur Becan as their medical expert. Plaintiffs also provided defendant with the reports of Dr. Becan's physical examinations of both plaintiffs and his assessment of the injuries they sustained in this accident. Defendant moved to suppress the reports as untimely. On June 10, 2016, a second Judge granted defendant's motion and barred Dr. Becan from testifying at trial. On July 27, 2016, the second Judge set September 12, 2016 as the new trial date. In an order dated August 19, 2016, the second Judge also denied plaintiffs' motion for reconsideration.

On September 14, 2016, two days after the trial date set by the second Judge, plaintiffs filed a motion to reopen discovery and extend the DED. Defendant did not respond and the Civil Division Manager stamped the motion "unopposed." On October 14, 2016, more than one month after the September

3

12, 2016 trial date set by the second Judge, the first Judge granted plaintiffs' unopposed motion, but ordered counsel to appear on October 21, 2016, before the second Judge for oral argument. At the conclusion of the oral argument session, the second Judge entered a revised CMO in which the court: (1) extended the DED; (2) ordered defendant to submit any response to plaintiffs' expert medical report by November 30, 2016; and (3) set January 23, 2017 as the trial date.

On March 22, 2017, defendant completed his deposition of Dr. Becan. On May 8, 2017, defendant filed an in limine motion to reopen the DED or alternatively to reconsider its October 21, 2016 order and bar Dr. Becan from testifying at trial. The trial Judge denied defendant's motion on May 9, 2017, and began the trial on May 16, 2017, more than seven months after the second Judge's revised CMO.

Rule 4:24-1(c) provides: "No extension of the discovery period may be permitted after an arbitration or trial date is fixed, unless exceptional circumstances are shown." In Bender v. Adelson, 187 N.J. 411, 428 (2006), the Supreme Court cited with approval the standards this court established for determining "exceptional circumstances" in Rivers v. LSC Partnership, 378 N.J.

4

Super. 68, 80 (App. Div. 2005), and <u>Tucci v. Tropicana Casino & Resort, Inc</u>., 364 N.J. Super. 48, 51 (App. Div. 2003). In <u>Tucci</u>, Judge Pressler wrote:

> We had been particularly indulgent in not barring a late expert's report where the report was critical to the claim or defense, <u>the late report was submitted well before trial</u>, the defaulting counsel was not guilty of any willful misconduct or design to mislead, any potential prejudice to the adverse party could be remediated, and the client was entirely innocent.
>
> [364 N.J. Super. at 52 (emphasis added).]

Here, defendant has not presented any competent evidence to question the soundness of the trial court's management of this civil case. The first Judge properly granted plaintiffs' unopposed motion to extend discovery and for a new DED and the trial Judge correctly denied defendant's belated motion for reconsideration of the order entered seven months earlier. The standard of review for a motion for reconsideration was well-established by our colleague Judge Harris in <u>D'Atria v. D'Atria</u>, 242 N.J. Super. 392 (Ch. Div. 1990). The decision to deny a motion for reconsideration falls "within the sound discretion of the [trial court], to be exercised in the interest of justice." <u>Id.</u> at 401. Reconsideration should only be used "for those cases which fall into that narrow corridor in which either (1) the [c]ourt has expressed its decision based upon a palpably incorrect or irrational basis, or (2) it is obvious that the [c]ourt either

did not consider, or failed to appreciate the significance of probative, competent evidence." Ibid. Defendant does not show any basis to disturb the trial court's ruling in this respect. See R. 2:11-3(e)(1)(E).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

6                                                                        A-4721-16T3